## NORMAN v. PERTHUIS.
### No. 9602.

Court of Civil Appeals of Texas. Galveston.
July 14, 1931.

J. B. Ross, of Houston, for plaintiff in error.

Kenyon & Gernsbacher and Allan D. Sanford, Jr., all of Galveston, for defendant in error.

LANE. J.

C. P. Norman brought this suit in the form of suits of trespass to try title against Mrs. Cecile Perthuis to recover title and possession of all of lot 14 in block C of the Scott Acre Home addition to the town of La Marque, same being a part of the John D. Moore league, and is shown on a map of record in Galveston county, Tex.

Mrs. Perthuis denied generally the allegations of plaintiff's petition, and pleaded not guilty. She also pleaded the five-year statute of limitation. She specially alleged that she was the legal owner of lots 26 and 27 in subdivision I of Highland, as per Cook & Stewart's subdivision, as per map of record in the office of the county clerk of Galveston county, Tex., in Book 81, page 526; said lots being situated in Galveston county and containing five acres of land, more or less. She alleges the Cook & Stewart subdivision, of which her lots are parts, was made, as shown by the recorded plat or map, in 1890, and the subdivision of which lot 14, claimed by the plaintiff, was made, as shown by the map or plat of such subdivision, in 1912.

The pleadings of the parties, together with the maps or plats of the two subdivisions mentioned attached thereto, disclose that the real issue to be determined is as to the true common boundary line between the two properties, as located upon the ground.

The case was tried before the court without a jury. Upon the evidence adduced, the court rendered judgment for the defendant. Such judgment, in effect, recites that the evidence shows that the true north boundary line of the lots 26 and 27 of the Cook & Stewart subdivision is where it was placed by the surveyor who laid it out in 1890, which line is truly shown by a map or plat of such subdivision, duly recorded; that such survey is a survey senior to the survey and platting of the Scott's Acre Home subdivision, and therefore, its lines as located should prevail over the subsequent survey made for the Scott's Acre Home subdivision, where there is a conflict in the lines of the two surveys. Upon such conclusions it was adjudged that the defendant was entitled to judgment for all the land embraced in lots 26 and 27 of the Cook & Stewart subdivision as originally surveyed and platted, and that the plaintiff was not entitled to a recovery of any part of the land lying south of such north line, as claimed by him.

From the judgment rendered C. P. Norman has appealed.

No statement of facts has been filed in this court, but upon request the trial court has filed his findings of facts and conclusions of law, as follows:

"I find that in August, 1890, there was laid out and subdivided in Galveston County, Texas, a townsite known as 'Highland,' as per Cook & Stewart subdivision of the John D. Moore League, a plat or map thereof being at said time filed of record in Book 81, p. 526, of the Deed Records of Galveston County, Texas; that there was shown on said map or plat Lots 27 and 26 in subdivision 'I.'

"2. That said Lot 27 was bounded on the west by what was established and called on said plat 'Bayou Road,' which had a width of 60 feet. Lot 26 adjoining Lot 27 on the east. Lots 27 and 26 were bounded on the south by what was established and called on said plat 'Main Street,' which had a width of 80 feet. Lot 27 was shown on said plat to have a length north and south of 650 feet and width east and west of 285.4 feet. Lot 26 had a length north and south or 650 feet and a width east and west of 315.4 feet. Lots 26 and 27 were bounded on the north by a 9.36 acre tract denominated on said plat as Lot 14 and which had a length east and west of 1,-221.5 feet and a width north and south of 331.3 feet.

"3. I find that the surveyor who laid out the said Cook & Stewart subdivision above referred to correctly established the west line and the southwest corner of said Lot 27 and the south line of Lots 27 and 26, as well as the northwest corner of Lot 27 and the north line of Lots 27 and 26, and correctly planted stakes at said points and that said stakes and

lines so correctly established and marked at the time of the laying out of said Cook & Stewart subdivision were found at their correct location and recognized by C. C. Washington, County Surveyor of Galveston County, Texas, appointed as surveyor in this cause, when making his survey as ordered herein in Nov. 1929, and that the said original stakes of the Cook & Stewart subdivision so planted at the time of the laying out of said subdivision and as found and recognized by the said Washington in Nov. 1929, are as shown on blue-print prepared by the said Washington and attached to his report made in this cause. a copy of which is attached to the Court's final decree herein.

"4. That on the 21st day of February, 1899, the defendant, Mrs. Cecile Perthuis, and her husband, Jules Perthuis, purchased, by general warranty deed, said Lots 26 and 27, of subdivision 'I,' of Highland, as per Cook & Stewart subdivision, and the said Mrs. Cecile Perthuis has continuously to this date owned and claimed said lots.

"5. That in May, 1912, the persons owning the land in the said Cook & Stewart subdivision above or north of Lots 27, 26, 25 and 24 of subdivision 'I' laid out a new subdivision known as Scott's Acre Home, a subdivision of parts of Block 'I' and Block 'J' of the Cook & Stewart subdivision of the John D. Moore League, a map or plat of Scott's Acre Home Addition being of record in Book 254, p. 5, of the Deed Records of Galveston County, Texas; that by reference to the maps or plats of the said original Cook & Stewart subdivision and the Scott's Acre Home subdivision no conflict appears between the lines of said Lots 27 and 26 of the original Cook & Stewart subdivision and Lot 14 adjoining on the north, which said Lot 14 is denominated 'Lot 4' in Scott's Acre Home Addition. I find, however, that the surveyor, C. S. Shaw, who laid out Scott's Acre Home Addition, in planting his stakes marking the lots in Scott's Acre Home Addition in error failed to locate the correct lines and stakes for the west and south lines of said Lots 27 and 26 and through error planted his stakes in Main Street some distance south of the true south line of Lots 27 and 26 and the southwest corner of Lot 27 a short distance east of the correct position. As a result of this error, the south line of Lot 14 conflicts with the north line of Lots 27 and 26. The error made by the surveyor Shaw is clearly reflected on the blue-print made by the surveyor Washington in this cause attached to the final decree herein.

"6. Some time after 1912 the plaintiff, C. P. Norman, purchased Lot 4 according to the Scott's Acre Home subdivision plat, which, as above stated, is the same as Lot 14 in the original Cook & Stewart subdivision.

"7. This litigation arises by reason of the plaintiff, C. P. Norman, claiming that the stakes set by the surveyor Shaw, who laid out the Scott's Acre Home subdivision, are correctly placed and not in conflict with the original stakes set by the surveyor who laid out the original Cook & Stewart subdivision, and by Mrs. Perthuis claiming that the stakes set by the surveyor Shaw were incorrectly placed and that the stakes of the original Cook & Stewart subdivision are as located by the surveyor Washington herein and shown on his said blue-print. I find that the blueprint of the surveyor Washington is correct.

"8. I find that no issue of limitation is involved herein.

### "Conclusions of Law.

"I conclude that, there being a conflict between the two surveys and the Cook & Stewart subdivision being the older, the lines thereof should prevail. Accordingly, I conclude that the plaintiff Norman is not entitled to recover herein and that both parties are entitled to the land described and shown on the blue-print attached to the surveyor's report and as decreed in the final decree in this cause."

▪ We think the findings of facts filed by the court support the judgment rendered, and, since there is no statement of facts filed, it must be presumed that the evidence objected to by appellant was properly admitted by the court. The judgment is affirmed.

Affirmed.